Judge Owsley
delivered the opinion of the court.
Morrison having purchased at a sheriff’s sale, under a fierifacias which issued against the estate of a certain George Wilson, a lot No. 8 in the town of Lexington; and after receiving from the sheriff a deed of conveyance, discovering that the legal title was not in Wilson, exhibited his bill in equity against the heirs of Francis M’Dermid, dec. (who had recovered a judgment in ejectment for the lot) to obtain a title.
He sets forth in his bill the purchase of the sheriff and *174 payment of the price; but charges that the decedent, M’Dermid, had, in bis lifetime, for a valuable consideration, givfen to Wilson, against whom the execution issued, an obligation for a conveyance; and alledges that since the sale Wilson, by awriten order directed to John Breckenridge, directed him to deliver the bond to Walter Taylor, a partner in the purchase with Morrison, had ratified and confirmed the sale of the sheriff; and thus under the sale of the sheriff, so confirmed by Wilson, the appellee Morrison, through Taylor, asserts his equity to the lot.
An uita se inter-st js not Liable to execution.
If the parties ¡7 ,0 a firf‘ merits Boibeforethe C'nise will'be remardedfor @mer>dment.
The heirs of M’Dermid, by their answer, deny every material allegation of the bill, and throw Morrison uppn the full proof of his case.
There is no doubt but Morrison cannot claim the interpo-sit'on of the chancellor exclusively, upon the ground of his purchase from the sheriff. For as Wilson is shewn clearly no(- j-0 f¡avc {iacj *pG iegal title to the lot, according to the invariable decisions of this court, his interest was not subject to sale under a fieri facias, and as such, Morrison claiming under the sale cannot have gained such an equity as will authorise a Conveyance from the heirs of M’Dermid.
Assuming the fact, however, that Wilson had an equitable claim to the lot, it would be admitted, that as he might dispose of that equity to whomsoever he pleased, it would be competent for him, by an agreement with Morrison or any other, to transfer his claim upon M’Dermid.
But whether Wilson had such an equity as ought to be enforced in a court of Chancery, need not, we apprehend, now decided; for if he had, it is plain that before Mor-risoncanbe relieved, he must shew himself entitled to that equity. This, however, we are of opinion he has not done. He cannot, as has been already shewn, have acquired that e£lu^y un^er the purchase from the sheriff, and there is a total lack of evidence tending to shew any contract between him and Wilson whereby be can be entitled to it. The order of Wilson directing Breckenridge to deliver the bond upon M’Dermid for the lot, is, it is true, exhibited in the record, but as that order was drawn in fayor of Taylor and not Morrison, it is calculated to prove that the former and not the latter was invested with Wilson’s equity; and if so, it is impossible, from any thing in the record, for Morrison to deduce his right to relief through Taylor. For although he has exhibited a receipt under the hand of Tay lor, that receipt, as it purports to be, only, for the cash part of *175 Taylor's part of a lot on Limestone street, upon no fair rule of construction can it have the operation of entitling Morrison to a decree in the present contest.
fVicklijfe for appellant, Hardin, Ilaggin and Pope for appellee.
The decree of the court below must, therefore, be reversed, and the cause remanded to that court.
Rut as Taylor, through whom Morrison’s right is attempted to be deduced, might, if brought before the court, admit Morrison’s claim, it is obvious he should have been a party; upon the return of the cause, therefore, to the court below,
Morrison should, by an amendment to his bill, be permitted to make Taylor a party; and in that event such proceedings be there had as may be necessary to a final hearing of the cause; but if he should not apply for leave to amend his bill, it must be dismissed without prejudice to his right to prosecute any other suit. * -,
The appellants must recover their cost in this court.